# IN THE COURT OF APPEALS OF IOWA

No. 22-1602
Filed January 10, 2024

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**JACOB LEE ANTHONY DENNISTON,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Black Hawk County, James D. Coil, Judge.

Jacob Denniston appeals after a jury found him guilty of indecent exposure. **AFFIRMED.**

Jane M. White of Gribble Boles Stewart & Witosky, Des Moines, for appellant.

Brenna Bird, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee.

Considered by Schumacher, P.J., Chicchelly, J., and Doyle, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**DOYLE, Senior Judge.**

Jacob Denniston appeals after a jury found him guilty of indecent exposure. He challenges both the sufficiency and weight of the evidence showing his guilt. Because substantial evidence supports the jury's finding that Denniston was masturbating in a public place and Denniston failed to preserve error on his challenge to the weight of the evidence, we affirm.

In March 2022, Denniston entered the women's restroom at a Kwik Star in Waterloo and locked the door. He remained inside the restroom for three hours, preventing employees from performing restroom checks every half hour as directed. An employee knocked on the door and called out to see if someone was inside, but Denniston did not answer. Believing that someone accidentally locked the door with the bathroom unoccupied, the store manager gave an employee the universal key to unlock the door. When the employee opened the door, he saw Denniston lying on the floor under the sink, naked from the waist down. The employee testified that Denniston's "[p]rivate areas were out," Denniston's hand was moving over "his private area," and "he also had a porn magazine between his legs." The employee quickly left the restroom, and the manager called the police. An officer arrived and found the restroom door locked, and Denniston again failed to respond to attempts at contact. After the manager unlocked the door, the officer found Denniston lying naked on the floor with one hand covering his testicles and the other hand covering his penis.

The State charged Denniston with indecent exposure under Iowa Code section 709.9(2)(a) (2022). At trial, the court instructed the jury Denniston was guilty if the State proved:

   1. On or about the 25th day of March 2022, the defendant masturbated.
   2. The defendant did so in a public place.
   3. The defendant did so in the presence of another.

Denniston challenges the sufficiency of the evidence showing that (1) he was in public and (2) he was masturbating.

We review sufficiency-of-the-evidence claims for correction of errors at law. *See State v. Lacey*, 968 N.W.2d 792, 800 (Iowa 2021). We view the evidence and all reasonable inferences that we can draw from it in the light most favorable to the State. *Id.* We are "highly deferential to the jury's verdict" and "affirm the jury's verdict when the verdict is supported by substantial evidence." *Id.* Substantial evidence is evidence that may convince a rational person of the defendant's guilt beyond a reasonable doubt. *Id.* We are not concerned with whether the evidence would support a different finding; our concern is whether the evidence supports the finding the jury made. *Id.*

The focus of Denniston's appeal is whether he was in "public." He argues that after locking the door, a person has an expectation of privacy in a public restroom. But as the State notes, the "expectation of privacy" analysis applies in determining whether the government has infringed on a person's constitutional right to be free of unreasonable searches and seizures. That analysis does not bear on whether one is in a public place. *See State v. Booth*, 670 N.W.2d 209, 216 (Iowa 2003) (Carter, J., dissenting) (stating that the expectation-of-privacy analysis "is in no way determinative of a right to admission on the part of the general public").

Substantial evidence shows that Denniston was in a public place. The trial court instructed the jury, "The phrase 'public place' is defined as any place, building, or conveyance to which the public has or is permitted access."[1] Because Denniston did not object to the jury instruction defining "public place," "he cannot complain that the evidence was insufficient to support a legal proposition contrary to the one instructed to the jury." *State v. Crawford*, 974 N.W.2d 510, 521 (Iowa 2022). The Kwik Star store manager testified that the public has access to the store's restrooms twenty-four hours per day. The ability to lock the door temporarily does not change the public nature of the restrooms. The keys to unlock the door were not in Denniston's possession[2]; they were in the possession of Kwik Star's manager. By staying in the restroom for three hours and ignoring employees' attempts to determine whether someone was inside, the jury could infer that Denniston anticipated someone would eventually enter. *See State v. Sullivan*, No. 18-0559, 2019 WL 21144636, at *4 (Iowa Ct. App. May 15, 1999) (concluding that "a jury could reasonably infer that Sullivan's action of leaving the water running in the hotel restroom with the door unlocked would bring someone to the room to investigate," and a reasonable person would understand that an investigator would enter the room when no one responded to knocking or made their presence known).

---

[1] The same definition of "public place" is used in the statute prohibiting public intoxication. *See* Iowa Code § 123.3(43) (defining "public place" as used in chapter 123, the "Iowa Alcoholic Beverage Control Act"). The Iowa Supreme Court has noted, "Business premises are commonly considered public places for purposes of public intoxication statutes." *State v. Paye*, 865 N.W.2d 1, 5 (Iowa 2015).

[2] The employee who opened the restroom door testified, "We don't provide a key for our customers to use the restroom."

Denniston also contends there is insufficient evidence showing he was engaged in masturbation when the employee entered the restroom. He argues that the employee failed to provide a specific description of what he viewed when he opened the restroom door. We disagree. The employee testified that he saw Denniston lying on the floor under the sink, naked from the waist down, "doing what he was doing." The prosecutor then asked questions to clarify:

> Q. And what you said was, "He was doing what he was doing." Was what he was doing masturbating? A. Yes.
> Q. How do you know that? A. I saw it. Private areas were out, hands was on his private area, and he also had a porn magazine between his legs. . . .
> Q. And was the defendant stroking himself when you were in there? A. Yes.
> Q. So he was moving his hand? A. Yep.
> Q. He wasn't just holding or covering himself? A. No.

Denniston also argues that the employee testified he was in the restroom a "very brief moment" that lasted about two seconds is incompatible with his testimony that he saw Denniston masturbating and "stroking" his privates. But the reason for the employee's quick departure was that the nature of Denniston's act was immediately obvious to him.[3] Because the employee's testimony provides an ample basis for finding that Denniston was masturbating, substantial evidence supports the jury's verdict.

Denniston also contends the trial court erred by denying his motion for new trial, reiterating the same claims addressed above under a weight-of-the-evidence

---

[3] The employee testified, "So it was like two seconds of, okay, I'm doing—and then, you know, I saw enough. I saw enough." The prosecutor stated, "I understand that you weren't just going to stand there and watch what was going on," to which the employee responded, "No."

standard. The State challenges error preservation, noting that Denniston never raised a weight-of-the-evidence claim before the trial court.

We agree that Denniston failed to preserve error on any claim that the verdict is contrary to the weight of the evidence. Although Denniston's motion for new trial outlines several grounds for new trial, only paragraphs seven and eight of his motion are at issue on appeal:

> 7. The issue of whether or not a single public bathroom for one individual with a door that locks from the inside provides a right of privacy to an individual was crucial to the defense and was overruled . . . and a privacy instruction was not given to the jury.
> 8. The evidence was insufficient for as jury to find that the defendant masturbated in public.

The motion does not state that the verdict was contrary to the weight of the evidence, and it does not cite Iowa Rule of Criminal Procedure 2.24(2)(b)(7) [formerly numbered 2.24(2)(b)(6)] or *State v. Ellis*, 578 N.W.2d 655, 658–59 (Iowa 1998). At the hearing on the motion, Denniston's counsel argued that there was insufficient evidence showing Denniston was in a public place and masturbating. And in denying the motion, the trial court found "there was sufficient evidence that the defendant did masturbate in public."

Sufficiency-of-the-evidence and weight-of-the-evidence challenges are not synonymous. *See State v. Ary*, 877 N.W.2d 686, 706–07 (Iowa 2016). Raising only a sufficiency-of-the-evidence claim does not preserve error on a weight-of-the-evidence claim. *See State v. Thompson*, 836 N.W.2d 470, 491 (Iowa 2013) ("On appeal, Thompson relies on Iowa Rule of Criminal Procedure 2.24(2)(b)(6) and *State v. Ellis*, 578 N.W.2d 655, 659 (Iowa 1998). However, Thompson's counsel never cited that rule or *Ellis* in his posttrial motion

or during the hearing on that motion in district court."). As Denniston did not raise a weight-of-the-evidence challenge or receive a ruling on such a challenge, Denniston has not preserved any such challenge for our review. *State v. Crawford*, 972 N.W.2d 189, 198 (Iowa 2022) ("[A] party has an obligation to raise an issue in the district court and obtain a decision on the issue so that an appellate court can review the merits of the decision actually rendered."); *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."). Because Denniston failed to preserve error, we do not address his weight-of-the-evidence claims on appeal.

**AFFIRMED.**